# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>REDDICK MICKLE,<br><br>　　　　Defendant. | No. 08mj84<br><br>ORDER FOR PRETRIAL DETENTION |

On the 10th day of April, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by Attorney Jill M. Ableidinger.

## RELEVANT FACTS

On April 8, 2008, Defendant Reddick Mickle was charged by Criminal Complaint (docket number 2) with possession of a controlled substance with intent to distribute At the initial appearance held on that date, the Government requested that Defendant be detained pending further proceedings.

Officer Nathan Juilfs of the Cedar Rapids Police Department, who is currently assigned to the DEA Task Force, testified at the hearing regarding the circumstances surrounding Defendant's arrest. According to Officer Juilfs, the DEA Task Force conducted three controlled purchases of crack cocaine from Defendant during February and March 2008. Officer Juilfs testified that the Cedar Rapids Police Department conducted two prior controlled purchases from Defendant in October 2007.

On February 14, 2008, a confidential informant ("CI") called Defendant and arranged for the purchase of crack cocaine. The phone call was monitored and recorded. The CI then proceeded to the parking lot at the Johnson Avenue Hy-Vee, accompanied by

1

an undercover officer. The CI entered Defendant's vehicle and purchased 14.8 grams of crack cocaine using $500 in preserialized money. Officer Juilfs was located elsewhere in the parking lot and observed the transaction, although he could not actually see the drugs change hands.

A similar controlled purchase was conducted on February 19, 2008. In a recorded telephone call monitored by Officer Juilfs, the CI arranged to meet Defendant in the parking lot at Auto Zone on 16th Avenue SW. The CI and the undercover officer parked along side Defendant's vehicle. Again, the CI entered Defendant's vehicle and purchased 18.2 grams of crack cocaine for $650, using preserialized money. Officer Juilfs was located across the street and observed the transaction, but could not actually see the drugs change hands.

The third transaction occurred on March 28, 2008. Again, the purchase was arranged through a telephone call from the CI to Defendant. As in the other instances, the transaction occurred in the late morning or early afternoon. On this occasion, however, the undercover officer also entered Defendant's car with the confidential informant. The CI purchased 22.8 grams of crack cocaine from Defendant, using $750 in preserialized money.

On April 8, 2008, surveillance officers observed Defendant leave his residence. He was then arrested without incident when he stopped at a Burger King. Found in Defendant's pants were several baggies with the corners missing. Found in the center console of Defendant's car were two ounces of crack cocaine "packaged for sale." That is, there were several baggies containing crack cocaine located within a larger baggie.

Following Defendant's arrest, a search warrant was executed at his residence. Six ounces of crack cocaine were found in Defendant's residence, with a majority found in the master bedroom. Also found in a dresser drawer in the master bedroom was $20,000, including $120 of preserialized money that was used for the controlled purchase on March 28, 2008. Using keys found on Defendant's key chain, officers entered a detached garage

and searched a locked tool chest, where they found three loaded handguns. Also found in the toolbox was a scale with white powdery residue.

According to the Pretrial Services Report, Defendant is 31 years old and reports living in Cedar Rapids since 2003. Defendant has lived in California, where his mother and brother still reside, and in Chicago, where his father resides. Defendant currently lives with his girlfriend, with whom he shares a one-year-old daughter. Defendant also has an eight-year-old daughter from a prior marriage.

According to Defendant, he received a certificate in auto body repair and painting at Kirkwood Community College in 2006 and is employed part time by Tim Teeby, doing auto body repair. While the pretrial services officer was unable to verify Defendant's employment, Ms. Ableidinger reported at the hearing that she had talked to Mr. Teeby and confirmed that Defendant had worked for him. According to Officer Juilfs, Defendant told other officers that he was not employed.

Defendant admitted to the pretrial services officer that he uses marijuana once every two weeks. According to his girlfriend, Defendant uses marijuana two to three times each week. Defendant reported that he had successfully completed an outpatient substance abuse program in 2007.

According to the Pretrial Services Report, Defendant's prior record includes arrests in California for possession of burglary tools (disposition unknown), taking a vehicle without the owner's consent/vehicle theft (dismissed after successful "diversion"), obstruction or resistance of a public officer (dismissed), possession of a narcotic controlled substance (convicted), and battery with serious bodily injury (apparently dismissed for lack of sufficient evidence). In Illinois, Defendant has been arrested for disorderly conduct, battery/bodily harm, manufacture or delivery of cannabis, possession of cannabis, and driving under the influence. The Pretrial Services Report indicates that disposition of those charges is unknown, although Officer Juilfs testified that the Clerk of the Cook County District Court report that the cannabis charges resulted in a felony conviction for delivery of cannabis. In 2006, Defendant received a deferred judgment in Linn County

3

for possession of a controlled substance and was successfully discharged from probation on October 19, 2007. He also paid a fine of $250 for interference with official acts.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* See also *United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant was charged by Complaint with possession of a controlled substance with intent to distribute. At the time of hearing, the Court found probable cause to believe that Defendant committed the crime charged in the Criminal Complaint. This charge establishes a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the person as required and the safety of the community. In an effort to rebut the presumption, Defendant argues that he can return to his girlfriend's residence, he has employment, and there is no evidence that the weapons found in his garage were used during the commission of the alleged offense.

The Court finds that while Defendant has lived in this community for five years, he also has lived in California and Illinois and has relatives living in both places. Accordingly, his ties to the community are limited. The Court also has questions egarding whether Defendant has steady employment. The weight of the evidence in this case would appear to be strong and the Court is concerned regarding the three loaded handguns which were found using keys located on Defendant's key ring.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 8, 2008) to the filing of this Ruling (April 11, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 11th day of April, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA